# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| M. HILDA WILSON, | ) |
| Plaintiff | ) ) ) |
| v. | ) ) Civil No. 09-544-P-H |
| JOHN A. BODNAR, et al., | ) ) |
| Defendants | ) ) |

## ORDER AFFIRMING RECOMMENDED DECISION
## OF THE MAGISTRATE JUDGE

The United States Magistrate Judge filed with the court on September 14, 2010, with copies to counsel, his Recommended Decision on Motions to Dismiss and to Compel Arbitration. The plaintiff filed an objection to the Recommended Decision on September 24, 2010. I held oral argument on November 2, 2010. I have reviewed and considered the Recommended Decision, together with the entire record; I have made a *de novo* determination of all matters adjudicated by the Recommended Decision; and, with two exceptions that I explain below, I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in the Recommended Decision.

First, because I affirm Magistrate Judge Rich's recommended decision to grant the motion to compel arbitration, I do not rule on the plaintiff's claims as to defendants UBS Financial Services ("UBS") and John A. Bodnar or on these defendants' statute of limitations defense. UBS and Bodnar "ask the Court to

dismiss with prejudice all claims against [them]" or "[i]n the alternative . . . ask that the Court compel arbitration of all claims against them." Mot. of Defs. UBS Financial Services, Inc. and John A. Bodnar to Dismiss or, in the Alternative, to Compel Arbitration and Incorporated Mem. 1 (Docket No. 24). In other words, they ask me to decide the case on the merits and simultaneously ask that I compel arbitration. I decline their invitation to engage in this sort of piecemeal litigation and first address whether to grant the motion to compel arbitration. This approach is consistent with the Supreme Court's directive that "in deciding whether the parties have agreed to submit a particular grievance to arbitration, a court is not to rule on the potential merits of the underlying claims." AT&T Techs., Inc. v. Commc'ns. Workers of Am., 475 U.S. 643, 649 (1986).

The plaintiff signed an arbitration clause stating that "any and all controversies . . . concerning any account, transaction, dispute or the construction, performance or breach of this or any other agreement, whether entered into prior, on or subsequent to the date hereof, shall be determined by arbitration."[1] I agree with Magistrate Judge Rich that the plaintiff's claims against UBS and Bodnar are covered by the broad language of this agreement.

---

[1] DeMarco Decl., Ex. A (Docket No. 28-2). The plaintiff entered into two agreements with arbitration clauses with PaineWebber. DeMarco Decl., Exs. A & B. UBS is the corporate successor of PaineWebber, a fact that the plaintiff does not dispute. Although the defendant merely states, without authority, that UBS is the successor to PaineWebber, I note here that I rely on UBS Americas Inc.'s Form 8-K filed with the Securities and Exchange Commission (SEC) on November 3, 2000, not Wikipedia, for the fact of the merger. See, e.g., Horizon Asset Mgmt. v. H&R Block, Inc., 580 F.3d 755, 761 n.1 (8th Cir. 2009) (taking judicial notice of Form 8-K filed with the SEC). This Court can take judicial notice of a fact that is not subject to dispute in that it is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." United States v. Bello, 194 F.3d 18, 23 (1st Cir. 1999).

I also find that the statute of limitations issue can be decided by arbitration. "'[P]rocedural' questions which grow out of the dispute and bear on its final disposition are presumptively *not* for the judge, but for an arbitrator, to decide." Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 84 (2002) (quotation omitted). The First Circuit has interpreted Howsam to mean that "a dispute over a statute of limitations 'is the sort of procedural prerequisite that is presumed to be for the arbitrator.'" Kristian v. Comcast Corp., 446 F.3d 25, 43 (1st Cir. 2006) (quoting Marie v. Allied Home Mortg. Corp., 402 F. 3d 1, 11 (1st Cir. 2005)). See also Shearson Lehman Hutton, Inc. v. Wagoner, 944 F.2d 114, 121 (2nd Cir. 1991) ("*any* limitations defense -- whether stemming from the arbitration agreement, arbitration association rule, or state statute -- is an issue to be addressed by the arbitrators").

Considering that an arbitrator can properly determine all of the plaintiff's claims as well as UBS's and Bodnar's statute of limitations defense, I decline to decide the merits of these issues at this juncture. Accordingly, I do not adopt the Magistrate Judge's recommendation that these two defendants' motion to dismiss "be granted as to any events that occurred before September 22, 2003, and as to Count 8 of the amended complaint and otherwise denied." Recommended Decision on Mots. to Dismiss and to Compel Arbitration 29 (Docket No. 29) (hereinafter "Recommended Decision").

Second, with respect to the defendant Morgan Stanley, although I agree with Magistrate Judge Rich that the plaintiff has not sufficiently pleaded a claim of fraudulent concealment to permit her to pursue her causes of action

3

generally under 14 M.R.S.A. § 859, she has sufficiently pleaded a claim of fraud. Indeed, Magistrate Judge Rich found specifically that the common law fraud claim in Count 1 of her Amended Complaint survived a motion to dismiss for failure to state a claim. Recommended Decision at 14. Under section 859, "if a fraud is committed which entitles any person to an action, the action may be commenced at any time within 6 years after the person entitled thereto discovers that he has just cause of action . . . ."[2] According to Maine's Law Court, "[s]ection 859 applies either to fraudulent concealment from the plaintiff of the existence of a cause of action *or to a claim that is itself grounded upon fraud*." Akins v. Firstbank, N.A., 415 A.2d 567, 569 (Me. 1980) (emphasis added).[3] The Akins Court stated that if the fraud is properly alleged, "it is not appropriate to decide that question of fact on pleadings and briefs," id.,[4] and that section 859 therefore saves the complaint from dismissal. Likewise here, I conclude that unlike fraudulent concealment, the plaintiff had no obligation to plead facts to show that she filed her well-pleaded fraud claim within six years after she discovered her fraud claim.[5] That is a matter for affirmative defense[6]

---

[2] Magistrate Judge Rich concluded that the plaintiff relied only on the "fraudulent concealment" portion of section 859. Recommended Decision at 9. The plaintiff's legal memoranda certainly could have been clearer on that topic, but I conclude that she preserved both arguments.

[3] Harkness v. Fitzgerald, 701 A.2d 370, 372 (Me. 1997), states the same proposition. In Harkness, there was no claim grounded on fraud, and the Court went on to delineate what the plaintiff had to prove there in order to establish her claim of fraudulent concealment.

[4] See also Kobritz v. Severance, 912 A.2d 1237, 1242 (Me. 2007) ("whether proper diligence was exercised so as to toll the statute of limitations under section 859 is a question of fact").

[5] I note here that Magistrate Judge Rich relied on the Financial Industry Regulatory Authority (FINRA) BrokerCheck Report for John Andrew Bodnar (Docket No. 23-2, attached to Decl. of Jeff Goldman) for his finding that defendant Bodnar had not worked at Morgan Stanley since 1997. I agree with Magistrate Judge Rich that "a court may take judicial notice of public documents in connection with a motion to dismiss" and that the FINRA report is a public document. Recommended Decision at 11.

and/or a motion for summary judgment.  Accordingly, I conclude that Count 1 should not have been dismissed against the defendant Morgan Stanley.  (Morgan Stanley did not invoke an arbitration clause.)

It is therefore **ORDERED** that the Recommended Decision of the Magistrate Judge is hereby **ADOPTED IN PART**.  The defendant Morgan Stanley's motion to dismiss is **GRANTED** with respect to all Counts except Count 1 and is **DENIED** as to Count 1.  The defendants UBS Financial Services' and John A. Bodnar's motion to compel arbitration (included in their motion to dismiss) is **GRANTED**, and their motion to dismiss is **GRANTED WITHOUT PREJUDICE**.

**SO ORDERED.**

**DATED THIS 4TH DAY OF NOVEMBER, 2010**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[6] "Because the statute of limitations is an affirmative defense, a complaint will not be dismissed, pursuant to Rule 12(b)(6), as time-barred unless the complaint contains within its four corners allegations of sufficient facts to show the existence and applicability of the defense."  Francis v. Simon, 760 A.2d 209, 220 (Me. 2000) (citation and quotation omitted).  Although that statement involves Maine procedural law, I conclude that it also accurately reflects federal civil procedural law in this context.